UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 APR 28 PM 1:49

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

PASTOR ROSANNA L. COLEMAN
And
MINISTER NORMAN V. WHITESIDE

    Plaintiffs

  v.

ALLEGHENY COUNTY, PA, PFA UNIT,
FRANKLIN COUNTY SHERIFF DALLAS
BALDWIN, FRANKLIN COUNTY
SHERIFF'S DEPT. (FCSD), FRANKLIN COUNTY,
CHILDREN'S SERVICES (FCCS)
FCCS BRYANT DICKERSON, FCCS
RASHEYE T. COBB, SHANEKQUA COATES,
JOHN AND JANE DOES x100

    Defendants

Case No. 2:21 cv 02103

**COMPLAINT**

Civil Rights Action
42 U.S.C. §1983

Jury Demand Endorsed Hereon

Judge Graham

MAGISTRATE JUDGE JOLSON

**INTRODUCTION:**

This complaint involves a violation of the Fourth Amendment with nexus to a violation of Due Process, but not limited to, and a violation of Privacy Laws, and retaliation against Plaintiffs for exercising their First Amendment Rights.

Parents (and quasi-parents) have a fundamental liberty interest in raising their children free of government interference. This principle of Constitutional law has also been referred to as a right of family integrity or a right of privacy. Parents also have a right to be secure from unreasonable search and seizures and to receive the protections of due process of law established in the Fourth and Fourteenth Amendments to the Constitution.

The Fourth Amendment to the Constitution prohibits unreasonable search and seizures of people, their homes, and their possessions, as follows: "The right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Accessing children or homes while conducting child abuse and neglect investigations is a form of "search" for purposes of the Fourth Amendment. Removing children from parental control is considered a "seizure." Absent a prior court order or an emergency, consent must be obtained before searching a home or seizing a child.

The substantive standard or threshold the State must meet before depriving parents of these fundamental rights is "clear and convincing evidence" of abuse, neglect, or dependency. There are a few situations where the standard is different, most notably, in emergency situations. In an emergency, the State can remove a child from his parents' care, based upon "probable cause" to believe the child's removal is necessary to prevent immediate or threatened physical or emotional harm. It should be noted, however, that case law holds that emergency removals of children require the probable cause standard that the child is in immediate danger of "serious" harm. OAC 5101:2-1-01 reflects this "serious harm" standard.

I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States in conjunction with 42 U.S.C. Section 1985. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Smith seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Smith's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Ohio is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

II. PARTIES

3. Plaintiff Coleman is a minister licensed to solemnize marriages in the State of Ohio, and at all relevant times is believed to have had custody of two minor children, A.C. and C.C. Her address, 2439 Melrose Avenue, Columbus, Ohio, is also the physical location of her church, the Church of Pure Love and Truth where Plaintiff Whiteside and Pastor Karen Carlisle share a room designated as a church office.

4. Plaintiff Whiteside is a minister licensed to solemnize marriages in the State of Ohio, and at all relevant times was mentor and emergency contact for A.C. and C.C. in addition to being a mentor to A.C. and D.C.

5. Defendant Coates (non-agency defendant) is the biological daughter of Plaintiff Coleman and mother of A.C. and C.C. Defendant Coates is renowned for making false accusations against anyone who reports her wrongdoings.

6. Defendant Allegheny County, PA, PFA Unit ("Allegheny" -- agency Defendant) is an agency that is supposed to enforce legitimate Protection From Abuse (PFA) claims at all relevant times of the complaint.

7. Defendant Franklin County Sheriff's Department, (FCSD—an agency defendant), Defendant Baldwin, and FCSD John/Jane Does (non-agency defendants) have the responsibility of preserving the peace of the public, overseeing the enforcement of legitimate court orders and providing courthouse security, and supervising both of the Franklin County Corrections Centers.

8. Defendant Franklin County Children's Services (FCCS an agency defendant) is the public agency mandated by federal and state law to ensure that our community's children are safe and well cared for.

9. Defendant Dickerson (non-agency Defendant) at all relevant times was employed by Defendant FCCS.

10. Defendant Cobb (non-agency Defendant) at all relevant times was employed by Defendant FCCS.

11. Each non-agency Defendant is sued individually and in his/her official capacity. Agency defendants are sued only in official capacities for non-monetary relief. At all times mentioned in this complaint each non-agency defendant acted under the color of state law.

III. FACTS

12. On or about December 1, 2020, Plaintiff Whiteside, fulfilling his obligations as a cleric, made a child abuse report against Defendant Coates regarding A.C. and C.C.

13. On or about December 3, 2020, Defendant Dickerson went to 2439 Melrose Avenue, Columbus, Ohio 43211 to interview A.C. and C.C. After Defendant Dickerson shared with Defendant Coates what Plaintiff Whiteside had done, on December 7, 2020, Defendant Coates went to Defendant Allegheny and made false claims against Plaintiffs, and falsely told Defendant Allegheny she had custody of A.C. and C.C., as she falsely told Defendant Allegheny that she and Plaintiff Whiteside were, or had been, in some type of domestic relationship.

14. Without Defendant Allegheny fulfilling its lawful obligations to ensure that what Defendant Coates stated to Defendant Allegheny was correct, it issued Protection From Abuse orders against Plaintiffs who had not seen Defendant Coates since a court video session in November 2020. Defendant Allegheny knew, or should have known, that Plaintiff Whiteside was not subject to

have any Protection From Abuse order issued against him. Defendant Allegheny also knew, or should have known, that it had no authority to direct Defendant Baldwin or Defendant John/Jane Does to remove A.C. or C.C. from 2439 Melrose Avenue, Columbus, Ohio 43211.

15. On or about December 8, 2020, Defendant FCSD John Does went to 2439 Melrose Avenue, Columbus, Ohio 43211 and falsely stated to Plaintiffs that they had orders to "remove A.C. and C.C." from the premises and presented Plaintiffs with documents that stated nothing about removal of these children. Defendant Baldwin and/or other FCSD Does knew or should have known that the documents they presented stated nothing about removing A.C. and C.C.

16. On this same date, A.C. and C.C. were in fact removed from 2439 Melrose Avenue aforestated and unlawfully taken to the location where Defendant FCCS conducts its business.

17. From the time of the unlawful seizure of A.C. and C.C., Defendants Coates (whose actions constitute nexus color of law), Defendant Cobb, Defendant Dickerson, Defendant FCCS, and other John/Jane Doe Defendants have interfered with the lawful custody of Plaintiff Coleman, and this interference is continuing.

18. When Plaintiff Coleman exercised her First Amendment Right to protest the actions of Defendants named in ¶16, she was retaliated against and A.C. and C.C. were kept from her custody or ability to visit them for a prolonged, unlawful period of time.

VI. LEGAL CLAIMS/CAUSES OF ACTION

19. Plaintiff realleges and incorporates by reference paragraphs 1-18. Defendants violated the rights of Plaintiffs with no lawful justification.

VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this court enter judgment granting Plaintiff:

a. A declaration that the acts and/or omissions described herein violated Plaintiff's rights under the Constitutions and laws of the United State and the State of Ohio

b. A preliminary and permanent injunction ordering Defendants to cease and desist interfering with Plaintiff Coleman's custody rights.

c. A preliminary and permanent injunction ordering Defendant Allegheny to cease and desist issuing Protection From Abuse orders without proper verification and safeguards against what unlawfully happened to Plaintiffs.

d. Award compensatory damages in excess of twenty thousand dollars ($20,000.00) against each non-agency defendant with the exact amount to be determined by a jury.

e. Award punitive damages in excess of fifty thousand dollars ($50,000) to deter Defendants from future actions of this type.

f. Any additional relief this court deems just, proper, and equitable.

g. A trial by jury on all triable issues.

We declare under penalty of perjury that the foregoing information is true and correct to the best of our personal knowledge, information or belief.

_Pastor Rosanna L. Coleman 4-28-21_    _Minister Norman V. Whiteside 4/28/21_
Pastor Rosanna L. Coleman/Date         Minister Norman V. Whiteside/Date

PO Box 9351
Columbus, OH 43209

6