IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PASTOR ROSANNA L. COLEMAN, et al.,

    Plaintiffs,

  v.                                                 Civil Action 2:21-cv-2103
                                                     Judge James L. Graham
                                                     Magistrate Judge Kimberly A. Jolson

ALLEGHENY COUNTY,
PA PFA UNIT, et al.,

    Defendants.

**ORDER**

This matter is before the Court on Defendants' Motion for Leave to File Franklin County Children Service Records Under Seal (Doc. 92). For the following reasons, the Motion is **GRANTED.**

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## II.     DISCUSSION

Defendants seek to file under seal twelve Franklin County Children Services records in support of their Motion for Summary Judgment. (Doc. 92 at 1). Defendants argue that the records should be sealed because, according to Ohio statutes, these records are "confidential." (*Id.* at 2). The Undersigned agrees.

First, there is a compelling interest in sealing these records because the records contain personal information concerning Franklin County Children Services investigations. As the Sixth Circuit has explained, "the privacy interests of innocent third parties should weigh heavily in a court's balancing." *Shane Grp.*, 825 F.3d at 308 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Furthermore, privacy interests of minors are implicated in these materials, which weighs heavily toward sealing. *See Edelstein v. Stephens*, No. 1:17-cv-00305, 2018 WL 4854593, at *4 (S.D. Ohio Oct. 5, 2018) (discussing that the Sixth Circuit and judges in this district order records to be sealed where the records contain "personal identifying information that must be protected from disclosure" and information that involves minors). And Ohio's statutes place a duty on children services agencies to keep "written records of investigations" "confidential." *See* Ohio Rev. Code § 5153.17 ("Such records shall be confidential[.]"); *see also* § 2151.421.

Although these records are relevant to Defendants' Motion for Summary Judgment, the Court has the "power to seal records when the interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d. 470, 474 (6th Cir. 1983). Here, the privacy interests at stake outweigh the public's interest in accessing these materials. Moreover, Defendants' request is narrowly tailored, as each record is less than ten pages long and could not practically be redacted. As such, after *in camera* review, the Court finds that the information Defendants present is the kind that warrants sealing.

### III. CONCLUSION

For the reasons above, Defendants' Motion (Doc. 92) is **GRANTED**. Defendants are **ORDERED** to file the records under seal within seven (7) days of the entry date of this order.

IT IS SO ORDERED.


Date: December 11, 2023 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE